**In re Robert Sidney EASTON, Jr., M.D., d/b/a Dr. Robert S. Easton, Jr., Sue Ann Easton, Debtors.**

**Robert Sidney EASTON, Jr., M.D., d/b/a Dr. Robert S. Easton, Jr. Sue Ann Easton, Plaintiffs,**

v.

**UNITED STATES of America, (INTERNAL REVENUE SERVICE DIVISION), Defendant.**

**Bankruptcy No. 185–00655. Adv. No. 185–0100.**

United States Bankruptcy Court, C.D. Illinois.

April 8, 1986.

Gary T. Rafool, Peoria, Ill., for debtors/plaintiffs.

Lee Smith, Asst. U.S. Atty., Peoria, Ill., David M. Wise, Atty. Gen., and Glenn L. Archer, Jr., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## DECISION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter came on to be heard on the Motion for Summary Judgment filed by the Defendant, the United States of America, Internal Revenue Service Division (IRS), and the Plaintiffs' (Debtors') cross Motion for Summary Judgment. The facts are not in dispute and only questions of law are presented.

The debtors' Federal Income Tax Returns for the years 1977 through 1980 were due, and were filed, by April 15 of each following year, with the return for 1980 being due, and filed, by April 15, 1981. The debtors' 1980 return became the subject of a field audit by the IRS. On April 17, 1984, approximately 323 days before debtors' Chapter 7 filing, the debtors consented to extend to June 1, 1985, the time for assessment of taxes due on their 1980 return. The results of that field audit affected the debtors' returns for the years 1977 through 1979, and on November 19, 1984, approximately 126 days prior to the debtors' Chapter 7 filing, the debtors consented to an immediate assessment of income tax deficiencies in the following amounts:

| YEAR | AMOUNT |
|------|--------|
| 1977 | $22,391.70 |
| 1978 | $28,421.87 |
| 1979 | $ 3,015.52 |
| 1980 | $   950.56 |

On December 27, 1984, approximately 91 days prior to the debtors' Chapter 7 filing, the IRS assessed the 1977 and 1978 income tax deficiencies in the above amounts, and on April 15, 1985, approximately 21 days after the filing of the debtors' Chapter 7 filing, assessed the 1979 and 1980 income tax deficiencies in the above amounts. On March 25, 1985, the debtors filed their voluntary petition in Chapter 7, and then filed their complaint seeking to have their tax obligations for the years 1977 through 1980 declared discharged pursuant to Sections 523 and 507 of the Bankruptcy Code. The IRS filed its answer contending the tax obligations set forth above were not dischargeable. At the time of the debtors' Chapter 7 filing, they were also liable for 1979 taxes that were assessed on October 24, 1983, in the amount of $7,347.00. The IRS concedes these taxes are dischargeable.

Section 523(a) of the Bankruptcy Code provides in part as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) Of the kind and for the periods specified in section 507(a)(2) or

507(a)(6) [1] of this title, whether or not a claim for such tax was filed or allowed;...." (footnote 1. added)

and Section 507(a) of the Bankruptcy Code provides in part as follows:

"(a) The following expenses and claims have priority in the following order:

....

(7) [2] Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;...." (footnote 2. added)

The debtors contend that under § 523(a)(1)(A) and § 507(a)(7), taxes were due more than three years prior to their Chapter 7 filing and are dischargeable [§ 507(a)(7)(A)(i)] even though the taxes for 1977 and 1978 were assessed within 240 days of their filing [§ 507(a)(7)(A)(ii)] and the taxes for 1979 and 1980 were assessable after their filing [§ 507(a)(7)(A)(iii)]. They interpret § 507(a)(7) to provide that if the debtors come within the scope of § 507(a)(7)(A)(i) the taxes are discharged

and the IRS is precluded from using sections 507(a)(7)(A)(ii) and (iii) to object to the discharge of the tax claims. The IRS takes the contrary position that the taxes are not dischargeable, because even though the taxes were due more than three years prior to the debtors' Chapter 7 filing, the debtors' taxes for the years 1977 and 1978 were assessed within 240 days prior to the debtors' petition, and therefore not dischargeable pursuant to § 507(a)(7)(A)(ii), and the debtors' taxes for the years 1979 and 1980 were assessable after the debtors' Chapter 7 filing, and therefore not discharged pursuant to § 507(a)(7)(A)(iii). Debtors respond by contending that with the debtors' Chapter 7 filing and the issuance of the automatic stay pursuant to § 362(a)(6), the 1979 and 1980 taxes could not be assessed and were therefore dischargeable.

There are two issues before the Court. The first involves the proper interpretation of § 507(a)(7)(A). The second is whether the automatic stay prevents the assessing of the 1979 and 1980 taxes, thereby causing those taxes to be discharged.[3]

█ The parties have not submitted any judicial authority which specifically addresses these issues. Based upon the Bankruptcy Code's rules of construction, the legislative history to § 507 and decisions involving other interpretations of § 507, I conclude the proper interpretation of § 507 is the one advanced by the IRS.

Section 507 uses the word "or" between its second and third subsections. Section 102 of the Bankruptcy Code sets forth rules of construction and provides in part:

"§ 102 Rules of Construction In this title—

....

(5) 'or' is not exclusive;...."

---

1. In the process of enacting the Bankruptcy Amendments and Federal Judgeship Act of 1984, due to oversight, the reference in Section 523 to Section 507(a)(6) was not changed to § 507(a)(7). Both the debtors and the IRS agree that the proper reference in § 523 should be to § 507(a)(7).

2. *See* note 1 *supra.*

3. Debtors have not raised any issue under § 362(h).

And the legislative history of § 102(5) states as follows:

"Paragraph (5) specifies that 'or' is not exclusive. Thus, if a party 'may do (a) or (b)', then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives." S.Rep. No. 95–989, 95th Cong., 2d Sess. 28 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5814.

The legislative history of § 507 states in part as follows:

"Priority is given to income taxes and other taxes of a kind described in section 507(a)(6)(A)(i) and (ii) which the Federal, State, or local tax authority had assessed within 3 years after the last due date of the return, that is, including any extension of time to file the return, if the debtor filed in title 11 within 240 days after the assessment was made (§ 507(a)(6)(B)(i). This rule may bring into the sixth priority the debtor's tax liability for some taxable years which would not qualify for priority under the general three year rule of section 507(a)(6)(A)." S.Rep. No. 95–989, 95th Cong., 2d Sess. 70 (1978), U.S.Code Cong. & Admin.News 1978, p. 5856.

In the case of *In re Coleman American Moving Services, Inc.*, 6 C.B.C.2d 1065, 20 B.R. 267, the court rejected the debtor's argument that the tax claim must fall within the scope of both subsections 507(a)(7)(A)(i) and (ii) and held that the tax would be given priority if it came due within three years before the petition date (§ 507(a)(7)(A)(i) or was assessed within the 240 day period prior to the petition date (§ 507(a)(7)(A)(ii). See also 3 Collier on Bankruptcy ¶ 507.04[7][b] (15th ed. 1985).

The debtors rely on the dicta in the case of *In re Rosenow*, 715 F.2d 277, (7th Cir. 1983) where the court had before it the issue of whether unpaid tax debt under the Illinois Use Tax which were over three years old were dischargeable under § 507(a)(7)(C) and in the process of holding that the tax debts were not dischargeable under that section, stated:

"A resolution of this question requires a preliminary discussion of the treatment of taxes, to the extent relevant to the matter before us, under the Bankruptcy Reform Act of 1978. Both excise taxes and taxes on gross receipts are dischargeable if they became due more than three years prior to filing of a bankruptcy petition. 11 U.S.C. § 507(a)(6)(E) ('Section E'), (A). Section 507(a)(6)(C) ('Section C'), however, describes certain types of taxes which are to be given priority without any limitation upon the time when they became due; and taxes within that section are also included in the exceptions to discharge listed in 11 U.S.C. § 523(a)(1)(A). These taxes, which may never be discharged, no matter how 'stale' they become, are those 'required to be collected or withheld and for which the debtor is liable in whatever capacity.' 11 U.S.C. § 507(a)(6)(C)."

As the quoted portion of the opinion indicates, the discussion was of a preliminary nature and only relevant to the particular issue before the court. The issue in that case required the court to interpret the interaction between those Code sections which based dischargeability of a debt upon a passage of time—i.e. the 3 year provisions of subsections 507(a)(7)(A) and (E), and subsection 507(a)(7)(C) which does not depend on the passage of time. The facts of that case did not require the court to interpret the interaction of the various subsections of 507(a)(7)(A). Therefore, debtors' reliance on the stated dicta is not well founded.

The debtors, in their response to the Motion for Summary Judgment and Cross Motion for Summary Judgment, refer to Section 523(b) of the Bankruptcy Code. Such a reference to § 523(b) is inappropriate, since that section is concerned only with the dischargeability of liabilities that were not discharged in a prior bankruptcy proceedings by the same debtor, and that factual situation is not involved in this case.

Therefore, I conclude that pursuant to § 507(a)(7)(A)(ii) and (iii) the 1977, 1978, 1979, and 1980 tax obligations were

not discharged, even though they were more than three years old.

 The second issue is whether the automatic stay issued pursuant to § 362(a)(6) of the Bankruptcy Code prevents the 1979 and 1980 taxes from being assessed, thereby causing those taxes to be discharged. Section 362(a)(6) provides in part as follows:

> "(a) Except as provided in subsection (b) of this section, a petition filed under section 30, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3), operates as a stay, applicable to all entities, of—
>
> ....
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

....

The debtors argue that because of the automatic stay issued pursuant to Section 362(a)(6), taxes which had not been assessed prior to their Chapter 7 filing could not thereafter be assessed, thereby causing those taxes to be discharged. Section 507(a)(7)(A)(iii) does not require the taxes to be assessed, but merely that they be assessable under applicable law or by agreement after the commencement of the case. This was clearly Congress's intent. The House Report stated:

> "Income and gross receipts not assessed before the petition date but still permitted, *under otherwise applicable tax laws,* to be assessed. Thus, for example, a prepetition tax liability is to receive sixth priority under this rule if *under the applicable statute of limitations,* the tax liability can still be assessed by the tax authority." Cong.Rec. (September 28, 1978) p. H 11112, as quoted in *Bankruptcy Service, Lawyers Edition,* Section 81:3; emphasis added.

In the case of *In re Massoni,* 6 C.B.C.2d 1185, 20 B.R. 416, the court concluded that under the applicable Internal Revenue Statute of Limitations the IRS was allowed to assess the tax until a date after the filing of the bankruptcy petition, and therefore the tax in question was assessable and excepted from discharge under § 507(a)(7)(A)(iii). The debtors have not disputed that their 1979 and 1980 taxes were assessable on the date of their Chapter 7 filing. As § 507(a)(7)(A)(iii) does not require the IRS to take the affirmative step of assessing the tax, there is no action which the stay could prevent. Consequently, I conclude the automatic stay issued pursuant to § 363(a)(6) did not cause a discharge of the 1979 and 1980 tax obligations.

I, therefore, hold that the following tax obligations of the debtors are not dischargeable in bankruptcy:

| YEAR | AMOUNT |
| --- | --- |
| 1977 | $22,391.70 |
| 1978 | $28,421.87 |
| 1979 | $ 3,015.52 |
| 1980 | $ 950.56 |

and that the following tax obligation of the debtors is dischargeable in bankruptcy:

| 1979 | $ 7,347.00 |
| --- | --- |