**In re Michael ETHERIDGE and Lorine Etheridge, Debtors.**

**Michael and Lorine ETHERIDGE, d/b/a Etheridge Lumber, Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF REVENUE, Defendant.**

**Bankruptcy No. 87–82453.**
**Adv. No. 87–8266.**

United States Bankruptcy Court, C.D. Illinois.

Oct. 25, 1988.

---

Gregory J. McHugh, Aledo, Ill., for debtor.

Dan M. Slack, Asst. Atty. Gen., Rock Island, Ill., for defendant.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The facts of this matter are straightforward and not disputed. The debtor, Michael Etheridge, (Debtor) operated a lumber yard in Aledo, Illinois, and incurred retailer occupation taxes to the State of Illinois (State). On October 2, 1985, the Debtor filed a timely return for the period

of September, 1985, showing $1,143.00 in taxes due the State. On October 9, 1985, the Debtor filed a late return for the period August, 1984, through July of 1985, showing $30,542.00 in taxes due the State. On October 27, 1987, the Debtor filed a voluntary Chapter 7 proceeding, and subsequently filed an adversary complaint to have the taxes declared discharged.[1] The State filed its answer, and the parties filed cross motions for summary judgment.

The dispute between the Debtor and the State involves the interpretation and application of Sections 523 and 507 of the Bankruptcy Code, 11 U.S.C. Sections 523 and 507. Section 523 sets forth exceptions to discharge, and as applicable to this case, provides as follows:

"(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax ...

(A) of the kind and for the periods specified in section ... 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

. . . .

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;"

The pertinent portions of Section 507 provide as follows:

"(a) The following expenses and claims have priority in the following order:

. . . .

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

---

**1.** The parties agree that part of the taxes are discharged pursuant to the decision in *In re*

*Groetken,* 843 F.2d 1007 (7th 1988). The amount still at issue is $14,658.00.

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(c) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

. . . .

(E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;"

The Debtor contends the taxes are discharged pursuant to Section 523(a)(1)(B)(ii) as his tax return was filed more than two years before the date he filed bankruptcy, notwithstanding Section 523(a)(1)(A). The State contends that as the late return was filed within three years before the date of the filing of the bankruptcy petition the taxes are not discharged pursuant to Section 523(a)(1)(A) and Sections 507(a)(7)(A)(i) and 507(a)(7)(E) notwithstanding the provisions of Section 523 (a)(1)(B)(ii). Neither party disputes that factually the case falls within the scope of the statute as argued by the other. Narrowly stated, the issue is whether taxes for which the required return was late filed which are not excepted from discharge under Section 523(a)(1)(B)(ii), are dischargeable even though they are specifically nondischargeable pursuant to Section 523(a)(1)(A) and Section 507(a)(7)(A)(i) and (E).

Section 523(a)(1) uses the word "or" between subsections (B) and (C). Similarly, Section 507(a)(7)(A) uses the word "or" between subsections (ii) and (iii). Section 102 of the Bankruptcy Code, 11 U.S.C. Section 102, sets forth rules of construction and provides in part:

"Section 102 Rules of Construction

In this title—

. . . .

(5) 'or' is not exclusive;"

The legislative history of Section 102(5) states as follows:

"Paragraph (5) specifies that 'or' is not exclusive. Thus, if a party 'may do (a) or (b)', then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives."

S.Rep. No. 95–989, 95th Cong., 2d Sess. 28 (1978).

The case of *In re Easton*, 59 B.R. 714 (Bkrtcy.C.D.Ill.1986) presented a similar interpretation issue involving Section 507. In that case the debtors contended that under Section 523(a)(1)(A) and 507(a)(7), taxes that were due more than three years prior to their Chapter 7 filing were dischargeable (Section 507(a)(7)(A)(i)) even though some of the taxes at issue were assessed within 240 days of their filing (Section 507(a)(7)(A)(ii)), and some of the taxes at issue were assessable after the debtors filed their Chapter 7 proceeding (Section 507(a)(7)(A)(iii)). The Internal Revenue Service (IRS) took the position that the taxes were not discharged, because part of the taxes were assessed within 240 days prior to the debtors' petition (Section 507(a)(7)(A)(ii)) and part of the debtors' taxes were assessable after the debtors' Chapter 7 filing and therefore not discharged (Section 507(a)(7)(A) (iii)). In that case, this Court held that the provisions of Section 507 are not exclusive and that the taxes should not be discharged unless they came within the scope of all three subdivisions of Section 507(a)(7)(A).[2] In so holding, this Court referred to the legislative history of Section 507, which provides in part as follows:

**2.** In *accord: Matter of Longley,* 66 B.R. 237

(Bkrtcy.N.D.Ohio 1986).

"Priority is given to income taxes and other taxes of a kind described in section 507(a)(6)(A)(i) and (ii) which the Federal, State, or local tax authority had assessed within 3 years after the last due date of the return, that is, including any extension of time to file the return, if the debtor filed in title 11 within 240 days after the assessment was made (Section 507(a)(6)(B)(i)). This rule may bring into the sixth priority the debtor's tax liability for some taxable years which would not qualify for priority under the general three year rule of section 507(a)(6)(A)." S.Rep. No. 95–989, 95th Cong., 2d Sess. 70 (1978).

and the case of *In re Coleman American Moving Services, Inc.*, 20 B.R. 267, 6 C.B. C.2d 1065 (Bkrtcy.S.D.Kan.1981), where the court rejected the debtor's argument that to receive tax priority the tax claim must fall within the scope of both subsections 507(a)(7)(A)(i) and (ii) and held that the tax claim would be given priority if it came due within three years before the petition date (Section 507(a)(7)(A)(i)) or was assessed within the 240 day period prior to the petition date (Section 507(a)(7)(A)(ii)).

This Court believes that the rule of construction as applied in the *Easton* case is likewise applicable in this case. The subparagraphs of Section 523(a)(1) are in the alternative. Even though the tax may not be excepted from discharge pursuant to Section 523(a)(1)(B)(ii) the taxes are not discharged because the State can take advantage of Section 523(a)(1)(A) and Section 507(a)(7)(A)(i) and (E). Behind each exception to discharge are separate policy considerations. Congress has determined that taxes which are accorded a priority in the distribution of the debtor's estate are also nondischargeable. Those taxes—due less than three years before the bankruptcy— have not yet become so "stale" to be forgiven entirely or to unjustifiably burden general unsecured creditors by receiving a priority. *See In re Crist*, 85 B.R. 807 (Bkrtcy.N.D.Iowa 1988). With respect to these relatively current taxes, it matters not whether a return was timely filed, filed

late, or not filed at all. In addition, Congress has determined that a debtor cannot escape liability for delinquent taxes by filing a late return, for whatever tax year, shortly before filing bankruptcy, even though those taxes may not be entitled to any priority in the scheme of distribution. That there is, as the present case demonstrates, some overlap between the two provisions does not make the Bankruptcy Code inconsistent or unfair. Moreover, merely because a particular liability is not encompassed by a particular exception to discharge does not provide it a safe harbor from another exception which squarely applies.

The debtor also relies quite heavily on the case of *In re Doss*, 42 B.R. 749 (Bkrtcy. E.D.Ark.W.D.1984). That case involves the court's construction of Section 523(a)(1)(B)(ii) and Section 507(a)(7)(A)(iii).[3] Just as the court in *Longley*, where the debtors also relied on *Doss*, did not feel it was necessary to discuss the propriety of the *Doss* decision since it was distinguishable, this Court also does not feel it is necessary, as here too *Doss* is distinguishable. *Doss* involves the interaction of Section 523(a)(1)(B)(ii) and Section 507(a)(7)(A)(iii), which specifically refers to Section 523(a)(1)(B). In the case before this Court, although Section 523(a)(1)(B)(ii) is involved, Section 507(a)(7)(A)(iii) is not, and this Court does not believe that the statutory interpretation of *Doss* can be extended to this case.

The COURT, THEREFORE, FINDS that the Retailer's Occupation Tax liabilities in the amount of $14,658.00 due the State of Illinois for which returns were last due less than three years before the petition in bankruptcy was filed are not dischargeable.

IT IS, THEREFORE, ORDERED that the Retailer's Occupation Tax in the amount of $14,658.00 due the State of Illinois by the Debtor, MICHAEL ETHERIDGE, D/B/A ETHERIDGE LUMBER, which returns were last due less than three years before the petition in bankruptcy was filed, be and the same are declared to be

---

3. At that time that section was designated Section 507(a)(6)(A)(iii).

NOT DISCHARGED pursuant to the provisions of Sections 523(a)(1)(A) and 507(a)(7)(A)(i) and (E).

This Opinion and Order is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.