In re Mark S. SMITH, Marisa A. Smith, Debtors.

Mark S. SMITH, Marisa A. Smith, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 5–87–00159(2)7.
Adv. No. 5–89–0006.

United States Bankruptcy Court,
W.D. Kentucky.

June 24, 1989.

**244**

J. William Phillips, Murray, Ky., for debtors/plaintiffs.

Joseph F. Minni, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This matter is currently before the Court on the motion of the United States for summary judgment. The debtors have filed a lengthy brief in opposition to this motion and the Court has reviewed same. Having considered the respective positions of both parties, the Court concludes that the United States' motion for summary judgment must be sustained.

The facts in this case are largely undisputed and have been stipulated by the parties. Mark S. and Marisa A. Smith filed their Chapter 7 petition in bankruptcy on March 25, 1987. The debt which is the subject matter of this adversary proceeding involves income taxes owed to the United States Government for the year 1983. The debtors were supposed to have filed their 1983 income tax return on April 15, 1984, however, their return was not filed until October 18, 1984. According to the return, the amount owed by the debtors was $12,-077.00. While the debtors also owed federal taxes for the years 1979, 1980, 1981 and 1982, the United States has not contested the discharge of these amounts.

The debtors then filed this adversary proceeding against the United States of America for a determination of the dischargeability of the income tax liability for the year 1983. It is the debtors' position that the tax liability is dischargeable under § 523(a)(1)(B)(ii). In response, the United States has filed a motion for summary judgment contending that the tax liability is not dischargeable pursuant to Bankruptcy Code § 523(a)(1)(A) and § 507(a)(7)(A)(i). Since the issue in this case is of a legal nature as opposed to a factual dispute, the Court finds summary judgment appropriate. *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The nondischargeability of certain debts is set forth under 11 U.S.C. § 523. That section provides in pertinent part that:

(a) A discharge under § 727, 1141, 1228(a), 1228(b), or 1320(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax ...

(A) of the kind and for the period specified in § 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

11 U.S.C. § 523(a)(1). Thus, if a tax liability is of a type described above, either under subsection (A), (B), or (C), it is nondischargeable.

■ The plaintiffs would have this Court believe that since this tax liability does not fall within the exception to discharge provision under § 523(a)(1)(B)(ii), then the liability is discharged. This Court is in full agreement that Smiths' tax return was *not* filed "after the date on which such return was last due, under applicable law or any extensions, and after two years before the date of the filing of the petition." § 523(a)(1)(B)(ii). However, the test to determine nondischargeability of a tax liability under § 523(a)(1) does not end here. Subsections (A) and (C) of § 523(a)(1) must also be considered since, as the plaintiffs so aptly point out to the Court, the use of the word "or" in the statute indicates alternatives and requires that they be treated separately, citing *Azure v. Morton*, 514 F.2d 897, 900 (9th Cir.1975). Since the tax liability does not fall under Subsection (B) and Subsection (C) is inapplicable since there are no allegations of fraud, the Court must examine § 523(a)(1)(A).

■ Subsection (A) makes nondischargeable any debt that is given priority treatment under § 507(a)(2) or § 507(a)(7). The applicable provision in this case is § 507(a)(7)(A)(i), which establishes a priority for allowed unsecured claims of governmental units, only to the extent that such claims are for:

(a) A tax on or measured by income or gross receipts ...

(i) for a taxable year ending on or before the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition; ...

11 U.S.C. § 507(a)(7)(A)(i). In this case, the tax liability falls under the exception to dischargeability under Subsection (A) of § 523(a)(1) since the bankruptcy petition was filed within three years of the date when the tax return for 1983 should have been filed. Accordingly, since § 507(a)(7)(A)(i) establishes a priority for this tax liability, the claim is nondischargeable pursuant to § 523(a)(1)(A).

This Memorandum–Opinion constitutes findings of fact and conclusions of law.

An order consistent herewith will be entered this day.