**Mark S. SMITH and Marisa Smith, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. C89–0193P.

United States District Court,
W.D. Kentucky,
Paducah Division.

Dec. 29, 1989.

J. William Phillips, Murray, Ky., for plaintiffs.

U.S. Atty., W.D. Ky. by Jane Bondurant, Asst. U.S. Atty., Louisville, Ky., Joseph F. Minni, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This matter is before the court on appeal from the United States Bankruptcy Court for the Western District of Kentucky. Plaintiffs/Appellants appeals from the July 11, 1989 Order of the Bankruptcy Court granting summary judgment in favor of

the Defendant/Appellee against the Plaintiffs/Appellants. 109 B.R. 243 (1989).

## I. FACTUAL BACKGROUND

This court adopts the statement of facts as set forth in the Memorandum Opinion of the Bankruptcy Court. The facts are largely undisputed and have been stipulated by the parties. Mark S. and Marisa A. Smith filed their Chapter 7 petition in bankruptcy on March 25, 1987. The debt which is the subject matter of this adversary proceeding involves income taxes owed to the United States Government for the year 1983. The debtors were supposed to have filed their 1983 income tax return on April 15, 1984. However, their return was not filed until October 18, 1984. According to the return, the amount owed by the debtors was $12,077.00. While the debtors also owed federal taxes for the years 1979, 1980, 1981 and 1982, the United States has not contested the discharge of these amounts. The debtors then filed this adversary proceeding against the United States of America for a determination of the dischargeability of the income tax liability for the year 1983.

## II. BANKRUPTCY COURT'S HOLDING

The bankruptcy court decided the issue as a matter of law and granted summary judgment to the United States. The bankruptcy court found that a tax liability is non-dischargeable if it falls under 11 U.S.C. Section 523(a)(1)(A), (B), or (C). The "or" indicates alternatives and requires that they be treated separately. Since the tax liability did not fall under subsections (B) or (C), the court looked to subsection (A) to determine dischargeability. Subsection (A) provides that any debt that is given priority under Sections 507(a)(2) or 507(a)(7) is non-dischargeable.

The bankruptcy court applied Section 507(a)(7)(A)(i) to the case at bar. This section establishes a priority for income taxes due within three years of the filing of the petition. In this case, the tax liability falls under the Section 523(a)(1)(A) exception to dischargeability since the bankruptcy petition was filed within three years of the date when the tax return for 1983 was due. Accordingly, since Section 507(a)(7)(A)(i) establishes a priority for this tax liability, the claim is non-dischargeable pursuant to Section 523(a)(1)(A).

## III. DISCUSSION

■ We review the bankruptcy court's conclusions of law *de novo. Knoxville Teachers Credit Union v. Parkey,* 790 F.2d 490 (CA6, 1986); *In re Martin,* 761 F.2d 1163 (CA6, 1985). The issue is "whether taxes for which the required return was late filed which are not excepted from discharge under Section 523(a)(1)(B)(ii), are dischargeable even though they are specifically nondischargeable pursuant to Section 523(a)(1)(A) and Section 507(a)(7)(A)(i)...." *In re Etheridge,* 91 B.R. 842, 844 (Bkrtcy.C.D.Ill.1988).

■ The 1983 tax return due on April 15, 1984 was late filed on October 18, 1984. The bankruptcy petition was filed on March 25, 1987. The Smiths allege that the tax liability is dischargeable under Section 523(a)(1)(B)(ii) because the tax return was not filed within two years of the petition in bankruptcy. The United States argues that the tax liability is not dischargeable because the tax return was filed within three years of the petition in bankruptcy as provided in Section 507(a)(7)(A)(i).

The application and interpretation of these two sections was discussed in *In re Etheridge,* 91 B.R. 842 (Bkrtcy.C.D.Ill. (1988). In *Etheridge,* the debtor filed a late state tax return on October 9, 1985 for the period of August 1984 to July 1985. The debtor filed his Chapter 7 petition on October 27, 1987. The debtor argued that his tax liability was discharged because his return was filed more than two years before the date he filed bankruptcy. The United States argued that the taxes were not dischargeable because the return was filed within three years of the date of the petition for bankruptcy.

The court found that the tax liability was non-dischargeable. The court reasoned that the subsections of Section 523(a)(1) are in the alternative. Even if the taxes *are*

*not* excepted from discharge under Section 523(a)(1)(B)(ii) the taxes *are excepted* from discharge under Section 523(a)(1)(A) and 507(a)(7)(A)(i).

The separate exceptions to discharge evidence different policy considerations. *In re Etheridge*, 91 B.R. at 845. Congress determined that taxes due within a three year period prior to bankruptcy have not yet become old enough that giving them a priority would burden unsecured creditors. Therefore, it does not matter "whether a return was timely filed, filed late, or not filed at all." *In re Etheridge*, 91 B.R. at 845. Congress also determined that a debtor cannot escape tax liability by filing a late return shortly before filing bankruptcy. The Code is not ambiguous or unfair because of the overlap between these provisions. *In re Etheridge*, 91 B.R. at 845.

This court finds no factual or legal distinction between *Etheridge* and the case at bar. Although the Smiths tax liability is not excepted from discharge under Section 523(a)(1)(B)(ii) it is excepted from discharge under Section 507(a)(7)(A) as incorporated into Section 523(a)(1)(A).

## IV.  CONCLUSION

For these reasons, the June 24, 1989 Bankruptcy Court Order is AFFIRMED. An appropriate order will accompany this opinion.