In re  Vincent L. **ROBERTS**, Debtor.

Vincent L. **ROBERTS**, Plaintiff/Debtor,

v.

**UNITED STATES** of America, acting through the **INTERNAL REVENUE SERVICE**, Defendant/Creditor.

Bankruptcy No. 89–81643.
Adv. No. 90–8039.

United States Bankruptcy Court,
C.D. Illinois.

Feb. 13, 1991.

Barry M. Barash, Galesburg, Ill., for plaintiff/debtor.

Darilynn J. Knauss, Asst. U.S. Atty., Peoria, Ill., for defendant/creditor I.R.S.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Debtor invested as a limited partner in a tax shelter with Philatelic Leasing, Ltd., a limited partnership ("PHILATEL-IC"). After he filed his personal income tax returns for the years 1979 through 1984, the Internal Revenue Service ("IRS") audited PHILATELIC which resulted in a Tax Court decision in *U.S. v. Philatelic Leasing, Ltd.*, 794 F.2d 781, 86–2 USTC, para. 9509 (2d Cir.1986), where the tax court affirmed the granting of an injunction prohibiting the sale of abusive or fraudulent tax shelters. The IRS and the Debtor then stipulated that the Debtor owed $19,454.00 in additional income taxes, $4,510.00 in penalties, $19,433.30 in interest, fees and collection costs, for a total of $43,397.30, and on March 22, 1989, an assessment issued.

Subsequently, on October 26, 1989, the Debtor filed a Chapter 7 proceeding and then filed an adversary proceeding seeking to discharge the penalties and interest, fees, and collection costs allocable to the penalties (Penalties).[1] The IRS filed its answer, and there being no issues of fact,

the parties submitted the matter on cross motions for summary judgment.

The basis of the Debtor's argument that tax Penalties are discharged is Section 523(a)(7)(B) which discharges tax penalties imposed with respect to a transaction or event that occurred three years before the date of the filing of the bankruptcy petition and the fact that the tax Penalties arose for the tax years 1979 through 1984 and the Debtor filed his bankruptcy petition in 1989.

The basis of the IRS's argument is that tax Penalties are not discharged under Section 523(a)(7)(A) if they relate to a tax of the kind specified under Section 507(a)(7), which these do, as they relate to a tax assessed within 240 days before the date of the filing of the bankruptcy petition.

The Debtor's factual situation falls within the scope of both subsections of Section 523(a)(7) and the issue is which subsection is controlling. In the Seventh Circuit, this is an open question. *See, Matter of Cassidy*, 892 F.2d 637 (7th Cir.1990). Other courts have split on the issue. In both *In re Roberts*, 906 F.2d 1440 (10th Cir.1990) and *In re Burns*, 887 F.2d 1541 (11th Cir. 1989), the two Circuit Courts of Appeal held the penalties were discharged. However, one recent bankruptcy court decision agrees with the IRS and holds the penalties are not discharged. *In re Ferrara*, 103 B.R. 870 (Bkrtcy.N.D. Ohio 1989).

This Court agrees with the approach taken in *Roberts* and *Burns* by reading the statute and taking it at face value, and the reading of the statute by those courts that Section 523(a)(7) uses the disjunctive and that a tax penalty that is not discharged under one of the two subsections may still qualify for discharge under the other. If such an interpretation leads to an unusual or unexpected result, it is Congress who should change the section.

Such an approach with such a result is not totally harsh, vis-a-vis the IRS, as this Court has taken a similar approach in interpreting other provisions of the Bankruptcy Code which involves similar problems and

---

**1.** The Debtor admits the additional taxes are    nondischargeable.

ruled in a manner favorable to the taxing authorities. In both *In re Etheridge,* 91 B.R. 842 (Bkrtcy.C.D.Ill.1988), affirmed on appeal, Case No. 89–1043 (July 12, 1989), and *In re Easton,* 59 B.R. 714 (Bkrtcy.C.D. Ill.1986), this Court held that taxes were not discharged where the Code sections overlapped as to the particular situation before the court. In *Etheridge* this Court held state taxes were not discharged pursuant to Section 523(a)(1)(A) and Sections 507(a)(7)(A)(i) and 507(a)(7)(E) notwithstanding the provisions of Section 523(a)(1)(B)(ii), and in *Easton* this Court held that Federal income taxes were not discharged pursuant to Section 507(a)(7)(a)(ii) and (iii) even though they fell within the scope of Section 523(a)(1)(A) and Section 507(a)(7)(A)(i).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion filed this day;

IT IS, THEREFORE, ORDERED that:

1. The Plaintiff's Motion for Summary Judgment is ALLOWED.

2. The Defendant's Motion for Summary Judgment is DENIED.

3. The income taxes for the years 1979 to 1984 owed to the Defendant by the Plaintiff are not discharged, but the penalties, interest, and collection costs allocable to the penalties for those years are discharged.