In the Matter of Duayne
MUHLE, Debtor.

Duayne MUHLE, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
Defendant.

Bankruptcy No. BK93–41474.
Adv. No. A94–4012.

United States Bankruptcy Court,
D. Nebraska.

Sept. 1, 1994.

Richard Register, Fremont, NE, for debtor.

Robert D. Metcalfe, U.S. Dept. of Justice, Washington, DC, for IRS.

### JOURNAL ENTRY

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Motion for Summary Judgment by the Internal Revenue Service ("IRS") (Fil. # 9), and the debtor's Resistance thereto (Fil. # 19). I conclude that the Motion for Summary Judgment should be sustained.

### FACTS

The parties have agreed that there is no genuine dispute of fact in this case. On April 26, 1991, approximately a week and a half beyond the tax deadline, the debtor, Duayne Muhle, filed his 1990 income tax return. The debtor's 1990 income tax liability was assessed in June of 1991, and notice and demand for payment was sent to the debtor. The debtor filed Chapter 7 bankruptcy on May 4, 1993, and was granted a discharge under § 727 of the Bankruptcy Code on August 17, 1993. Subsequently, the debtor filed Chapter 13 bankruptcy. The debtor commenced this adversary proceeding asserting that the IRS had attempted to levy against the debtor on the income tax deficiency after the Chapter 7 discharge, and seeking a determination of whether this obligation was discharged as part of the Chapter 7 bankruptcy. The debtor argues that the tax deficiency is dischargeable in that it fails to meet the exception to discharge in § 523(a)(1)(B)(ii) since it was filed late and due more than two years before the Chapter 7 bankruptcy was filed. In response, the IRS argues that the tax deficiency is excepted from discharge under § 523(a)(1)(A) and § 507(a)(7) because the tax debt became due within three years of the Chapter 7 bankruptcy.

### LAW

Summary judgment is properly granted when the court determines that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Bankruptcy Rule 7056(c). In making these determinations, the court must view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir.1986).

Section 523(a)(1)(A) provides that a debt is nondischargeable if it is "of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) . . . ." 11 U.S.C. § 523(a)(1)(A) (1994).

Section 507(a)(7) states in pertinent part that allowed unsecured claims of the government will be granted seventh priority only to the extent that they are for:

(A) a tax on or measured by income or gross receipts

(i) for a taxable year ending on or before the date of filing of the petition for which a return . . . is last due . . . after three years before the date of the filing of the petition;

. . . or

(iii) other than tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, . . . after, the commencement of the case. . . .

11 U.S.C. § 507(a)(7)(A) (1994).

Section 523(a)(1)(B)(ii) provides that a debt is excepted from discharge if it is with respect to a return that was filed late and within two years of the bankruptcy filing. 11 U.S.C. § 523(a)(1)(B)(ii) (1994).

## DISCUSSION

I conclude that the income tax deficiency owed by the debtor to the IRS on his 1990 income tax return is excepted from discharge pursuant to § 523(a)(1)(A), and therefore the debtor was not discharged of this debt in the Chapter 7 bankruptcy case. The 1990 income tax debt of the debtor first became due in April of 1991, which is within three years of when the Chapter 7 bankruptcy was commenced. Therefore the tax debt is excepted from discharge under § 523(a)(1)(A). Indeed, the tax debt of the debtor would be excepted from discharge regardless of whether a tax return was filed, not filed, or filed late. See 11 U.S.C. § 523(a)(1)(A) (1994); *In re Etheridge*, 91 B.R. 842, 845 (Bankr.C.D.Ill.1988).

The debtor argues, essentially, that § 523(a)(1)(B)(ii) would render taxes which became due between two and three years of bankruptcy dischargeable if a tax return is filed late. I conclude that this position is without merit. There is no basis for allowing a tax debt which is due within two and three years of bankruptcy to be excepted from discharge if a tax return is filed or not filed at all, but allow such debt to be discharged where the tax return is filed late. Such an interpretation has been criticized by the courts. See, e.g., *Smith v. United States*, 114 B.R. 473, 474–75 (W.D.Ky.1989); *In re Etheridge*, 91 B.R. at 844–45; *In re Easton*, 59 B.R. 714, 716–17 (Bankr.C.D.Ill.1986). I therefore conclude that an income tax obligation of a debtor which became due within three years of bankruptcy is excepted from discharge under § 523(a)(1)(A) regardless of whether a tax return was filed in a timely manner or not filed at all.

IT IS THEREFORE ORDERED, that the Motion for Summary Judgment by the IRS (Fil. # 9) is sustained. A separate order will be entered granting summary judgment for the IRS.