**In re Greg GIACCI, Debtor.**

**Greg GIACCI, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Bankruptcy No. 96–15524. Adversary No. 96–1253.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

May 22, 1997.

**518**

Roger O. Reyes, Cincinnati, OH, for Debtor.

William P. Coley, Chief Counsel, Ohio Attorney General, Cincinnati, OH, for State of Ohio.

## ORDER DENYING DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND GRANTING STATE OF OHIO'S MOTION FOR SUMMARY JUDGMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the State of Ohio's motion for summary judgment (Doc. 17), the Debtor Greg Giacci's motion for summary judgment (Doc. 19), the Debtor's response (Doc. 21), and the State's response and reply (Doc. 26, 25). At issue is the dischargeability of a tax debt in favor of the State of Ohio under 11 U.S.C. § 523(a)(1) and a tax penalty under 11 U.S.C. § 523(a)(7).[1]

The Court has jurisdiction over this proceeding by virtue of 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

The Debtor contends that his tax liability for the 1989 tax year is dischargeable under 11 U.S.C. § 523(a)(1) and 11 U.S.C. § 507(a)(8)(A)(i) because the taxes became due more than three years before the filing of the bankruptcy petition. The Debtor also contends that the tax liability is dischargeable under 11 U.S.C. § 507(a)(8)(A)(ii) because

---

1. The State tax liabilities for the years 1990 and 1992, as set forth in Count II, are not at issue. (Doc. 28, ¶ 1). Count I of the Complaint against the United States of America was resolved by an agreed order. (Doc. 15). The Debtor obtained a default judgment against the City of Hamilton regarding Count III. (Doc. 27).

the State assessed the taxes more than 240 days before the filing of the petition. The State contends that the tax liability is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i) because the Debtor failed to file an amended state return. The Debtor contends that his tax penalty is dischargeable under 11 U.S.C. § 523(a)(7)(A) because the penalty relates to a tax which is itself dischargeable. In the alternative, the Debtor contends that his tax penalty is dischargeable under 11 U.S.C. § 523(a)(7)(B) because the penalty was imposed with respect to a transaction or event that occurred more than three years before the filing of the petition.

The material facts in this case are not in dispute. The Debtor timely filed his 1989 state tax return. (Doc. 28, ¶ 3). The Debtor's 1989 federal tax return was audited by the Internal Revenue Service and as a result, the IRS increased the Debtor's 1989 federal adjusted gross income. The IRS notified the State of the increase. On March 11, 1994, the State sent the Debtor a Billing Notice ("Notice") showing an increase in the Debtor's tax liability. (Doc. 1, Ex. 5). The Notice stated, in pertinent part, as follows:

> We are proposing an increase to your 1989 Ohio income tax liability ... based upon information we received from the Internal Revenue Service ... It is possible that the IRS or you have updated your filing information subsequent to the date that we obtained information from the IRS. Therefore, if you disagree with our proposed change to your tax liability, then within 30 days of this letter's date, please forward to us a copy of this notice, a copy of pages 1 and 2 of your federal return, and documentation supporting your contention that this notice is incorrect. If you agree with our proposed change to your tax liability, then within 30 days of this letter's date, please forward in the envelope provided a copy of this notice and your payment of the total amount due ... Please do not disregard this notice. If you fail to respond, you will receive a bill (called an assessment) which will include (I) ... the Ohio tax increase, (II) updated interest ..., (III) a late payment penalty ..., and (IV) a $150 penalty for failure to file an amended return.

The Debtor did not file an amended state tax return for 1989. (Doc. 28, ¶ 4). The Debtor filed his Chapter 7 bankruptcy petition on October 25, 1996.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable through Fed. R. Bank. P. 7056. The moving party has the burden of showing that there is no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323–34, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## I. TAX DEBT

 Pursuant to § 523(a)(1), a discharge under § 727 does not discharge an individual debtor from any debt for a tax "(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) ...; (B) with respect to which a return, if required-(i) was not filed ...; or (C) with respect to which the Debtor made a fraudulent return ..." Thus, taxes outside the three year period preceding the filing of the petition are generally dischargeable. See § 523(a)(1)(A); § 507(a)(8)(A)(i). Such taxes are not dischargeable if the taxes were assessed within 240 days before the filing of the petition, § 523(a)(1)(A); § 507(a)(8)(A)(ii), or if a return was not filed. § 523(a)(1)(B)(i). The use of the word "or" in § 523(a)(1) indicates alternatives and requires that the subsections (A), (B), and (C) be treated separately. In re Smith, 109 B.R. 243 (Bankr.W.D.Ky.1989), aff'd sub. nom., Smith v. United States, 114 B.R. 473 (W.D.Ky.1989). In other words, if a tax liability is dischargeable under one subsection but not dischargeable under another subsection, the tax liability is not dischargeable. Id.; In re McElfresh, Adv. No. 96–1038, 1996 WL 628086 (Bankr.S.D. Ohio June 27, 1996)(Aug, J.)

 As the party seeking an exception from dischargeability, the State must establish the elements for such exception by a preponderance of the evidence. See Grogan

*v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ Ohio's income tax system "piggy-backs" on the federal income tax system in that an individual's state income tax is based on the individual's adjusted gross income as reflected ·on the individual's federal tax return. Pursuant to Ohio Rev.Code § 5747.10, an individual must file an amended state tax return when the individual's federal tax return is adjusted. The state statute reads, in pertinent part, as follows:

> If any of the facts ... required on a taxpayer's annual return ... must be altered as the result of an adjustment to the taxpayer's federal income tax return ... and such alteration affects the taxpayer's tax liability under this Chapter or Chapter 5748 ... the taxpayer shall file an amended return ... The amended return shall be filed not later than sixty days after the adjustment has been agreed to or finally determined for federal income tax purposes or any federal income tax deficiency ... has been assessed, whichever occurs first.

The Courts have disagreed as to whether a debtor's failure to file an amended state tax return to reflect federal adjustments creates a nondischargeable debt under § ´523(a)(1)(B)(i). *Compare In re Haywood,* 62 B.R. 482 (Bankr.N.D.Ill.1986) *and In re Blutter,* 177 B.R. 209 (Bankr.S.D.N´.Y.1995) *with In re Blackwell,* 115 B.R. 86 (Bankr. W.D.Va.1990) *and In re Dyer,* 158 B.R. 904 (Bankr.W.D.N.Y.1993). The parties did not cite nor could we find any case on this issue decided by the Sixth Circuit or this District Court. We are persuaded, however, by the majority view and the reasoning presented in *In re Haywood* and *In re Blutter,* wherein both Courts, after a thorough discussion of the issue, conclude that a debtor's failure to file an amended state tax return to reflect federal adjustments creates a nondischargeable debt´ under § 523(a)(1)(B)(i). *See also In re Jones,* 158 B.R. 535 (Bankr.N.D.Ga. 1993).

In the present case, the Debtor failed to file an amended state tax return to reflect the federal adjustments. Therefore, we hold that the tax is nondischargeable under § 523(a)(1)(B)(i). *See In re Haywood,* 62 B.R. 482; *In re Blutter,* 177 B.R. 209. To hold otherwise would be to reward the debtor-taxpayer in bankruptcy court for failing to comply with state tax law requirements.

In view of the above holding, it is not necessary for the Court to address the Debtor's contention that his tax liability is dischargeable under § 507(a)(8)(A)(ii). *See In re Smith,* 114 B.R. 473.

## II. TAX PENALTY

■ Pursuant to § 523(a)(7), a tax penalty "(A) relating to a tax [which is itself dischargeable]; or (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition" is dischargeable. This Court recently concluded that the language of subsections (A) and (B) should be read in the disjunctive. *In re McElfresh,* 1996 WL 628086 *(following In re Roberts,* 906 F.2d 1440 (10th Cir.1990) *and In re Burns,* 887 F.2d 1541 (11th Cir.1989)); *See also In re McKay v. United States,* 957 F.2d 689 (9th Cir.1992).

Because this Court has already concluded that the underlying tax debt is nondischargeable, the tax penalty is nondischargeable under § 523(a)(7)(A).

The Debtor contends that his 1989 state tax return, filed in 1990, is the return to be considered for § 523(a)(7)(B) purposes. We disagree, because the return, in and of itself, did not give rise to the penalty. The "transaction or event" which created the imposition of the penalty was the Debtor's *failure* to file the amended state tax return. The record indicates neither when the IRS finally determined the amount of the adjustment nor when the federal income tax deficiency was assessed. ·*See* Ohio Rev.Code § 5747.10. The record does indicate that the State's Notice was issued on March 11, 1994. Therefore, the failure to file occurred after March 11, 1994, well within the three year period before the filing of the Debtor's petition on October 25, 1996. Accordingly, we find the tax penalty to be nondischargeable under § 523(a)(7)(B).

### III. CONCLUSION

The Debtor's motion for summary judgment (Doc. 19) is DENIED, the State's motion for summary judgment (Doc. 17) is GRANTED and both the tax debt and the tax penalty are found to be nondischargeable.

IT IS SO ORDERED.