**In re Albert Alma REINE, Sr., Patricia Elaine Reine, Debtors.**

**Albert Alma Reine, Sr., Patricia Elaine Reine, Plaintiffs,**

**v.**

**Internal Revenue Service, Defendant.**

**Bankruptcy No. 02–20636.
Adversary No. 02–2017.**

United States Bankruptcy Court, W.D. Missouri.

July 15, 2003.

Andrew C. Webb, Sedalia, MO, for plaintiffs/debtors.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Chief Judge.

Debtors Albert Alma Reine, Sr., and Patricia Elaine Reine filed an adversary complaint to determine dischargeability of their debt to the Internal Revenue Service in this Chapter 7 case. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applica-

ble to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

On April 8, 2002, the debtors/plaintiffs filed a Chapter 7 bankruptcy petition. On March 17, 1999, the debtors had filed their 1998 personal income tax returns. The Bankruptcy Code provides that a tax debt may be dischargeable if the last date to file the return as to such tax was more than three years prior to the filing of the bankruptcy case. Does the deadline for determining when taxes are dischargeable begin to run on the date debtors actually file their tax return, or on the date when the return is last due?

## DECISION

■ The language of the Bankruptcy Code (the Code) is clear. The determinative date is the date on which the tax return is "last due." In this case, the debtors' taxes were last due on April 15, 1999, less than three years before the filing of their voluntary bankruptcy petition, and are, therefore, nondischargeable under section 507(a)(8)(i) of the Code.

## FACTUAL BACKGROUND

The debtors and the Internal Revenue Service (IRS) stipulated to the following facts in this case. On March 17, 1999, a 1040 U.S. Individual Income Tax Return (the Return) was mailed by the debtor to the IRS. On April 8, 2002, the debtors filed their voluntary bankruptcy petition under Chapter 7 of the Code. The amount of debt owed to the IRS, which includes the initial amount of $17,323.00 and the accumulation of interest, penalties, and a lien fee, is now $27,783.08. On June 2, 2003, at the pretrial conference, the parties agreed that there is no factual dispute and requested an opportunity to brief the legal issue. All briefs are of record, and the Court is prepared to rule.

## DISCUSSION

The Code provides that certain tax debts less than three years old are entitled to priority and, therefore, cannot be discharged:

(a) The following expenses and claims have priority in the following order:

.  .  .  .  .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.[1]

The legal issue presented in this case brings into question the phrase, "last due." If the three-year period begins to run once the tax return is filed, as debtors argue, then the tax debt is not a priority debt and may be discharged. If, however, as the IRS argues, the three years did not begin to run until April 15, 1999, the final date for the debtors to file their 1998 tax returns pursuant to section 6072(a) of the Internal Revenue Code, then the bankruptcy petition was filed approximately one week before the end of the three year period, and the tax debt cannot be discharged.

According to **Collier's**, the operative date is the date on which the tax return is due, not the date the return was actually

---

1. 11 U.S.C. § 507(a)(8)(i).

filed.[2] In *Padden v. United States,* the Court found that the fact that the debtor decided to file his return early had no effect on the calculation of the three-year period.[3] In its analysis, the Bankruptcy Court followed the plain language of the Code, which states that the three years begins to run from the time the return is last due.[4]

 That is precisely the issue before me. The language of the statute is clear. The tax return was "last due" on April 15, 1999, and, therefore, the three-year period had not expired when the debtors filed their bankruptcy case. The United States Supreme Court has stated that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' "[5]

Debtors argue that Congress simply intended to give the IRS a three-year period in which to seek to collect the tax debt,[6] and that that three-year period in fact begins to run when the return is filed, not when it comes due. If so, however, Congress could simply have provided that such period begins to run when the return is actually filed, not when it is last due. Debtors have cited nothing in the legislative history showing that this result is demonstrably at odds with the intent of

Congress, so I must apply the plain language of the statute.

Since the tax return in question was last due on April 15, 1999, and the Bankruptcy case was filed on April 8, 2002, the debt, which was due less than three years before filing, is nondischargeable pursuant to 11 U.S.C. § 507(a)(8)(i). An Order consistent with this Memorandum Opinion will be entered this date.

2.  4 **Collier on Bankruptcy** ¶ 507.10[2][a] at 507–61 (Lawrence P. King, ed., 15th ed. rev. 2003). *See also Smith v. United States (In re Smith),* 114 B.R. 473, 475 (W.D.Ky.1989) (where the court held that a debtor's income tax liability for tax years in which the return was due less than three years before the bankruptcy filing was not dischargeable, regardless of whether the return was timely filed, filed late, or not filed at all); *Padden v. United States,* 229 B.R. 214, 80 A.F.T.R.2d 97–8246–47 (Bankr.M.D.Pa.1997) (where the court held that the operative date is the date on

which the tax return was due and not the date that the return was actually filed).

3.  *Id.*

4.  80 A.F.T.R.2d 97–8246 at 8247 (Bankr. M.D.Pa.1997).

5.  *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

6.  *Waugh v. Internal Revenue Serv. (In re Waugh),* 109 F.3d 489, 491 (8th Cir.1997).