## 29402. BLACKMON v. MONROE.

UNDERCOFLER, Presiding Justice.

The State Revenue Commissioner levied a fi. fa. against certain property of William J. Monroe in the amount of $20,400.71 for unpaid additional state income taxes for the years 1962, 1963 and 1964. Monroe filed an affidavit of illegality and moved for a summary judgment. The affidavit of illegality questioned the validity of the issuance of the assessment under the provisions of Code Ann. § 92-3303 (f) (Ga. L. 1937, pp. 109, 142; 1952, pp. 405, 422; 1953, pp. 279, 284; 1965, pp. 276, 277) and the commissioner's reliance on the report from the Federal Internal Revenue Service. The commissioner also moved for a summary judgment.

The parties stipulated the following facts: That the taxpayer filed Georgia income tax returns for the years 1962, 1963, and 1964. In 1968 he paid additional income taxes to the Internal Revenue Service of the United States

under an agreement entered into between them on or about March 15, 1968, increasing the income taxable under the federal income tax law by $19,714.17 for 1962, by $26,746.10 for 1963, and by $218,273.44 for 1964. The adjustments to the income of the taxpayer and the payment of additional federal income taxes were not reported by the taxpayer to the commissioner. In July, 1969, the commissioner received notice of the adjustment to income from the Internal Revenue Service. In September, 1969, the commissioner issued a notice of proposed assessment to the taxpayer for additional state income taxes due as a result of the changes to income made by the federal government. The taxpayer was a substantial stockholder of a corporation which, in 1964, was involved in a merger. As a part of such transaction, the taxpayer executed a covenant not to compete. The taxpayer contended that the transaction was a tax-free reorganization. The Internal Revenue Service contended that a large part of the consideration received by the taxpayer was compensation for a covenant not to compete. The issue was settled by a compromise in which both parties agreed that a greatly reduced sum would be included in taxpayer's income as a capital gain resulting from the sale of good will. The commissioner increased the taxpayer's Georgia taxable income by a like amount, which action was based solely and exclusively on the existence of the compromise of the disputed federal liability with adjustments made to reflect the Georgia taxable income.

The trial court denied the commissioner's motion for summary judgment on the grounds that a settlement agreement between a taxpayer and the Internal Revenue Service does not constitute a "final determination" upon which the commissioner can make an assessment for additional income taxes, and granted taxpayer's motion for summary judgment on the ground that Code Ann. § 92-3303 (f) was unconstitutional because it denied equal protection of the law contrary to the State and Federal Constitutions. Code Ann. §§ 2-102, 1-815. The commissioner appeals to this court. *Held:*

1. Code Ann. § 92-3303 provides: "(a) Except as provided in the subsections below of this section, the

amount of income tax imposed by this law shall be assessed within three years after the return was filed and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. . .

"(f) Where the amount of the net income for any year of the taxpayer under this law, and as returned to the United States Treasury Department, is changed or corrected by the Commissioner of Internal Revenue or other officer of the United States of competent authority, such taxpayer, within two years after final determination of the changed or corrected net income, shall make return to the commissioner of Revenue of such changed or corrected income, and the commissioner shall make assessment or the taxpayer shall claim a refund based thereon within one year from the date the return required by this section is filed and not thereafter. If the taxpayer does not make such return reflecting the changed or corrected net income, but the commissioner receives from the United States Government or one of its agents a report reflecting such changed or corrected net income, the commissioner shall make assessment for taxes due based thereon within five years from the date the report from the United States Government or its agent is actually received and not thereafter.

"In the event the taxpayer fails to notify the Commissioner of such final determination of the United States income taxes, the commissioner shall thereupon proceed to determine, upon such evidence as he may have brought to his attention or shall otherwise acquire, the corrected income of such taxpayer for the fiscal or calendar year, or years, and if there shall be any additional tax due the same shall be assessed and collected; and if there shall have been an overpayment of taxes for the year or years the taxpayer, by his failure to notify the commissioner as herein required, shall forfeit his rights to any refund due by reason of such change."

The taxpayer argues that the Georgia income tax provisions quoted above deny him equal protection since they are applied differently to different persons under the same or similar circumstances because further assessment is barred as to some taxpayers after three

years and as to other taxpayers the assessment is not barred until after five years. The only distinction between the taxpayers is that the Internal Revenue Service has made changes or adjustments in the taxpayer's federal income tax return.

"It has been held that so long as the law operates alike on all members of the class, which includes all persons and property similarly situated, it is not subject to any objection that it is special or class legislation." *McLennan v. Aldredge,* 223 Ga. 879, 886 (159 SE2d 682).

"The Equal Protection Clause does not mean that a State may not draw lines that treat one class of individuals or entities differently from the others. The test is whether the difference in treatment is an invidious discrimination. Harper v. Virginia Board of Elections, 383 U. S. 663, 666. Where taxation is concerned and no specific federal right, apart from equal protection, is imperiled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation." Lehnhausen v. Lake Shore Auto Parts Co., 410 U. S. 356, 359 (93 SC 1001, 35 LE2d 351).

There is a rational basis for providing different statutes of limitation based on the different situations provided for in Code Ann. § 92-3303 (a, f) and the trial court erred in holding that Code Ann. § 92-3303 (f) was unconstitutional as a denial of equal protection under the State and Federal Constitutions.

2. The taxpayer argues that the "net income" stated in Code Ann. § 92-3303 (f) can not relate to federal returns since the federal income tax law only recognizes gross income, adjusted gross income, taxable income, and various definitions of income, but not "net income."

There is no merit in this contention. Code Ann. § 92-3107 (a) provides that the "Georgia taxable net income of an individual shall be the taxpayer's Federal adjusted gross income . . ."

3. Under the compromise agreement as set out in the stipulation of facts, the commissioner increased the taxpayer's Georgia taxable income in the same amount as the compromise settlement.

The taxpayer's sole argument here is that an

assessment based solely and exclusively on the existence of the compromise of the disputed federal liability can not be used as a basis for Georgia income taxation.

There is no merit in this contention. In *Head v. McKenney,* 61 Ga. App. 552, 556 (6 SE2d 405) the Georgia Court of Appeals held that a compromise of federal income taxes was nothing more or less than an adjudication of a fact as to the value of the property. "The United States Government refused to take the estimated value made by McKenney. McKenney agreed to accept the value found by the government and paid the tax based on this adjudicated value. This was no more a compromise than a verdict of a jury would be a compromise when it was not for the full amount sued for."

The commissioner was authorized to use the compromise agreement with the Internal Revenue Service on the amount of changed income of the taxpayer as the basis for assessment of additional Georgia income tax. No question as to the taxability of the income under Georgia law was raised.

The trial court erred in denying the motion for summary judgment of the commissioner.

*Judgment reversed. All the Justices concur. Hill, J., disqualified.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 11, 1975.

*Arthur K. Bolton, Attorney General, Lauren O. Buckland, Assistant Attorney General,* for appellant.

*Gibson, McGee & Blount, Lamar Gibson,* for appellee.