## 33070. CHILIVIS v. LEVY et al.

HILL, Justice.

This case concerns state income tax revenues and was transferred to this court after being docketed in the Court of Appeals pursuant to order dated July 18, 1977. See *Collins v. State,* 239 Ga. 400 (3) (236 SE2d 759) (1977).

We must interpret the time limitation on a state assessment for income tax which was made more than five years after notice to the state that a correction by the Internal Revenue Service was being made as to the taxpayers' federal income tax liability.

The dispute involves the taxpayers' return for the taxable year ending December 31, 1967. On January 15, 1971, the state received from the Internal Revenue Service a transmittal letter dated December 30, 1970, and a copy of a conference report supplementing an examination report. Although the conference report did

not show adjustments to net income, it showed an adjustment which increased the taxpayers' tax by $75,337.81. The transmittal letter stated that a hearing requested by the taxpayers would be scheduled before the appellate division.

The state took no action until September 14, 1976, when it learned that the IRS had acknowledged the taxpayers' settlement on April 29, 1971. The state then obtained a copy of IRS form 870 binding taxpayers which showed the corrected net income for the tax year in question, as reflected by the settlement of April 29, 1971. The Revenue Commissioner's assessment based on that settlement was dated November 19, 1976. See *Blackmon v. Monroe,* 233 Ga. 656 (3) (212 SE2d 827) (1975).

At the time material here, subsection (f) of Code Ann. § 92-3303, as amended by Ga. L. 1965, p. 276, provided in applicable and pertinent part that "Where the amount of the net income for any year of the taxpayer under this law, and as returned to the United States Treasury Department, is changed or corrected by the Commissioner of Internal Revenue or other officer of the United States of competent authority, such taxpayer, within two years[1] after final determination of the changed or corrected net income, shall make return to the Commissioner of Revenue of such changed or corrected income, and the commissioner shall make assessment or the taxpayer shall claim a refund based thereon within one year from the date the return required by this section is filed and not thereafter. If the taxpayer does not make such return reflecting the changed or corrected net income, but the commissioner receives from the United States Government or one of its agents *a report reflecting such changed or corrected net income,* the commissioner shall make assessment for taxes due based thereon within five years from the date the report from the United States Government or its agent is actually received and not thereafter. . ." (Emphasis supplied.) See *Blackmon v. Monroe,* supra.

[1] Ga. L. 1975, p. 862, substituted "within 180 days" for the phrase "within two years."

The primary issue in this case is whether the underscored phrase, "a report reflecting such changed or corrected net income," refers to a report reflecting the final determination of the changed or corrected net income, or a report reflecting net income changed or corrected by the Commissioner of Internal Revenue or other authorized officer.

The taxpayers urge that the conference report was "a report reflecting such changed or corrected net income" within the meaning of the Code section and that the five-year limitation commenced on January 15, 1971, the date the state received the report. The trial court granted the taxpayers' motion for summary judgment.

The Revenue Commissioner appeals, urging that the starting date for the five-year limitation is the date of his receipt of a report from the federal government of a "final determination of the changed or corrected net income." The commissioner urges that this conference report was not such a report, since the transmittal letter indicated an appeal was being pursued from the determination made by the federal government. The commissioner contends that where the taxpayer fails to make timely return of corrected net income and the IRS fails to transmit a report of final determination then the Code section contains no time limitation on his assessment and thus the assessment in this case was timely.

We find first that the conference report showing an increase in the taxpayers' tax was a report "reflecting" changed or corrected net income notwithstanding the fact that the report did not show the changed or corrected net income itself.

Turning to the primary issue, we note that the Code section requires a taxpayer to make return to the Revenue Commissioner when the taxpayer's net income is changed or corrected by IRS. Such return is to be made by the taxpayer within two years (now 180 days) of final determination of the change or correction made by IRS. When such return by the taxpayer is made, the Revenue Commissioner must make his assessment within *one* year of the filing of the taxpayer's return. If the taxpayer does not file the required return, but the Revenue Commissioner receives from IRS a report reflecting a

change, the Revenue Commissioner has *five* years from receipt of the IRS report to make his assessment. We find that the four-year difference allowed the commissioner was intended by the General Assembly not simply to afford the Revenue Commissioner more time to act in the latter instance than in the former, but was intended to allow time for the IRS proceedings to become final following its report. The trial court correctly interpreted the Code section.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1978 — DECIDED FEBRUARY 22, 1978.

*Arthur K. Bolton, Attorney General, Michael P. Sarrey, Staff Assistant Attorney General,* for appellant.
*Paul L. Hanes,* for appellees.