**In re LeRoy ROEHRICH and Mary Ann Roehrich, Debtors.**

**LeRoy ROEHRICH and Mary Ann Roehrich, Plaintiffs,**

**v.**

**STRASBURG FARMERS UNION ELEVATOR, Defendant.**

**Bankruptcy No. 88–06038.
Adv. No. 89–7044.**

United States Bankruptcy Court,
D. North Dakota.

Aug. 21, 1989.

Fintan Dooley, Bismarck, N.D., for plaintiffs.

Jerome Kettleson, Bismarck, N.D., for defendant.

**676**

Phillip D. Armstrong, Minot, N.D., Trustee.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

By Motion filed July 21, 1989, the plaintiffs in the above-captioned adversary proceeding seek summary judgment on their Complaint.

By Complaint filed April 25, 1989, the plaintiffs seek recovery of two payments totalling $4,000.00 which are alleged to constitute preferences under section 547(b) of the Bankruptcy Code. In its Answer the defendant, Strasburg Farmers Union Elevator (Elevator), asserts that the payments were a contemporaneous exchange for new value thus excepted under section 547(c)(1). Both parties have provided the court with affidavits as well as briefs on the issue presented. The original checks perceived to be preferences are attached as an exhibit to the plaintiffs' affidavit.

Summary judgment is available where the pleadings or other documents on file show there to exist no genuine issue as to any material fact and where the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mandel v. United States*, 719 F.2d 963, 965 (8th Cir.1983). When considering motions for summary judgment the weight of authority is that summary judgment may be rendered in favor of the opposing party even though no formal cross-motion has been made, providing the facts developed reveal the opponent is entitled to judgment. *National Expositions v. Crowley Maritime Corp.*, 824 F.2d 131, 133 (1st Cir.1987); *British Caledonian Airways Ltd. v. First State Bank of Bedford, Tex.*, 819 F.2d 593, 595 (5th Cir.1987).

It is with the foregoing standard in mind that the facts and issues as they presently appear will be considered.

### 1.

From the pleadings, affidavits and documents submitted, the relevant facts may be stated as follows:

The Debtor, LeRoy Roehrich, is a dairy farmer in Emmons County, North Dakota who throughout 1988 did business with the elevator. As of January 1, 1988, his outstanding balance with the elevator was $1,600.00. Throughout the year he purchased large quantities of feed and a small amount of propane. He filed for protection under Chapter 12 of the Bankruptcy Code on December 9, 1988. Up until and through July 14, 1988, the Debtor was allowed to make his purchases on credit with payment due in thirty days.

On June 10, 1988, the Debtor presented the elevator with a check in the sum of $2,000.00. It appears from the affidavit of the elevator's attorney, that the only purchase made on this date was for $784.59 worth of feed. The same affidavit states that the Debtors' accrued account balance on that date was $6,300.11.

On July 28, 1988, the Debtor presented the elevator with another check in the sum of $2,000.00. According to the affidavit of the elevator's attorney, between June 10 and July 28, 1988, additional credit charges were incurred of $2,875.95. The Debtor, on the other hand, in his brief asserts that he bought $2,000.00 worth of feed on June 10, 1988, with the June 10th check and another $2,000.00 worth of feed on July 28, 1988, again with the July 28, 1988, check. Curiously the elevator's tally of purchases as contained in its attorney's affidavit does not reveal these purchases. If no additional contemporaneous purchases were made one might assume that the checks had the effect of reducing the Debtors' accrued account balance by $4,000.00. If so, then the account balance would have been $5,176.00 as of the date of petition filing. However, the Debtor says and schedule A–3 confirms that his indebtedness to the elevator as of the filing date was actually $10,605.85.

The Debtor, by affidavit, explains saying that on June 10 and July 28 he asked the elevator to extend him $4,000.00 worth of credit with which to purchase cattle feed. According to the Debtor, the credit was extended and in exchange therefor he is-

sued the two checks, each time asking the elevator to hold it until he had sufficient funds on deposit to cover them. It was not until late August or early September when the Debtor sold sufficient numbers of cattle that the necessary funds to cover the two checks were generated. When the funds reached his bank the debtor advised the elevator that the checks would clear whereupon the two checks were presented and honored.

It is unclear from the facts whether the elevator merely extended credit on June 10, 1988 and July 28, 1988 or whether on those dates the Debtor actually purchased and received feed.

## 2.

As relevant to the issue in contention, section 547(b) of the Bankruptcy Code provides as follows:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property ...
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made ...
>
> (A) on or within ninety days before the date of the filing of the petition; or
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of transfer was an insider;
>
> (5) that enabled such creditor to receive more than such creditor would receive if ...
>
> (A) this case were a case under Chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title ...

11 U.S.C. § 547(b).

The Debtor must establish all elements of section 547(b) to establish a voidable pref-erence. *Barash v. Public Finance Corp.*, 658 F.2d 504, 507 (7th Cir.1981).

Apparently conceding that the two checks in question were used to purchase feed of like value on the dates in question, the Debtors in their brief instead focus upon the date the checks were honored charging that the transfer occurred on September 12, 1988, thus bringing them within the ninety-day preference period and taking them outside the contemporaneous exchange argument. The elevator, relying upon the Debtors' own affidavit, charges that the checks were a contemporaneous exchange for new value but in its brief fails to address the question of when a "transfer" is deemed to occur in this case.

■ When a transfer occurred is fundamental since the dispute can be resolved on the basis of whether a check constitutes a complete "transfer" of funds at the time the check is given to a creditor as opposed to the date of honor. Section 547(b) requires that the transfer complained of have occurred on or within ninety days before the date of petition filing including the petition filing date of December 9, 1988. September 11, 1988 is ninety days prior to the date of filing which would bring the September 12, 1988, date of honor within the ninety day period. June 10, 1988, and July 28, 1988, are well outside the ninety day preference period and thus, even if all other elements of section 547(b) are otherwise established, the checks would not constitute a voidable preference if the transfer is deemed to have occurred at the time the elevator was given the two checks. Although there has been some disagreement in the courts as to whether a transfer by check is deemed to occur for purposes of section 547, the issue has been by and large resolved in the appellate courts with the weight of circuit authority holding that a check transfer occurs at the time of delivery to the creditor as opposed to the date it is honored by the bank, providing it is honored within a reasonable time after delivery. *In re Continental Commodities, Inc.*, 841 F.2d 527 (4th Cir.1988); *In re Wolf & Vine*, 825 F.2d 197 (9th Cir.1987); *In re Kenitra*, 797 F.2d 790 (9th Cir.1986);

*In re White River Corp.*, 799 F.2d 631 (10th Cir.1986); *In re World Financial Services Center, Inc.*, 78 B.R. 239 (9th Cir.BAP 1987) *contra see Nicholson v. First Inv. Co.*, 705 F.2d 410 (11th Cir.1983). The rationale for opting for the date of delivery as the date of transfer was set out in *White, supra,* to-wit:

"The delivery date view encourages trade creditors to continue dealing with troubled businesses by insulating normal business transactions from the trustee's avoiding power. (citations omitted). Additionally, in the commercial world receipt of a check, as distinguished from the date it clears the drawee bank, is customarily looked upon as the date of payment of an obligation, (citation omitted) ... and that holding that the transfer occurs on the date the check is delivered allows the debtor, as opposed to the bank, to determine the precise date of the transfer." 799 F.2d at 634.

The three-to-one authority in the circuits is persuasive upon this court and accordingly the June 10, 1988, and July 28, 1988, check delivery dates are deemed to be the date of the transfers thus bringing the offending transfers outside of the ninety-day preference period.

Under the Uniform Commercial Code as adopted in North Dakota, a reasonable time for presentment is determined by the nature of the instrument, any usage of banking or trade and the *facts of the particular case.* N.D.Cent.Code 41–03–59(2). (U.C.C. § 3–503(2)). The court believes that the date of presentment and honor was timely, given the fact that it was the Debtor himself who requested that the elevator hold the checks in order to afford him sufficient time to garner the funds necessary to cover them. It would be an extremely inequitable twist of the law if a delay in presentment and honor occasioned by the Debtors' own actions, were held to alter the time a transfer was deemed to occur. In view of the foregoing discussion, the Debtor would under any fact scenario be unable to sustain his burden of proof with respect to one of the essential elements necessary to avoiding the transfer under section 547 and thus the two checks in issue are not amenable to being avoided as preferences.

IT IS ORDERED that judgment be entered in favor of defendant, Strasburg Farmers Union Elevator, and against the plaintiffs, LeRoy and Mary Ann Roehrich.