**In re Frederick Barron DYER, Debtor.**

**Frederick Barron DYER, Plaintiff,**

v.

**STATE OF GEORGIA DEPARTMENT OF REVENUE, Defendant.**

**Bankruptcy No. 92–13828 K.**
**Adv. No. 93–1038 K.**

United States Bankruptcy Court,
W.D. New York.

Sept. 14, 1993.

Joseph W. Rotella, UAW Legal Services Plan, Cheektowaga, NY, for plaintiff, debtor.

Patricia Coote Garrett, Asst. Atty. Gen., Atlanta, GA, for defendant.

### MEMORANDUM AND ORDER

MICHAEL J. KAPLAN, Chief Judge.

Many states have statutes requiring taxpayers to file an amended tax return if the taxpayer's federal tax liability is found to be different as to a given tax year.

This is a Motion by the State of Georgia seeking Summary Judgment dismissing the Debtor's Complaint. The Complaint prays for a determination that the Debtor's unpaid 1986 personal income tax liability to the State of Georgia be discharged because it is more than three years old (11 U.S.C. § 523(a)).

The State argues that the tax debt is nondischargeable under 11 U.S.C. § 523(a)(1)(B) [1] because the Debtor was required to file an amended return with the State after he agreed on June 20, 1988, to a corrected, higher federal tax liability.

---

1. 11 U.S.C. § 523(a)(1)(B)(i) reads "A discharge ... does not discharge an individual debtor from any debt—
   (1) for a tax or customs duty—
     (A) ...
     (B) (with respect to which a return, if required—
     (i) was not filed, or...."

Thus, according to the State, the unpaid liability is a tax for which a return was "required," but not filed.[2]

 The Court has no quarrel with the reasoning of Courts that have interpreted the phrase "for which a return, *if required,* is last due ... after three years before the date of the filing of the petition" liberally in favor of the taxing entity for purposes of 11 U.S.C. § 507(a)(7). *In re Molina,* 99 B.R. 792 (S.D.Ohio 1988). This Court, however, would have thought it beyond cavil that when part of that same phrase appears in 11 U.S.C. § 523(a)(1)(B) it must be construed liberally in favor of the *Debtor,* and thus strictly *against* the taxing entity. (See 3 Collier on Bankruptcy 15th Ed., ¶ 523.05A and authorities cited therein.)

 It would seem to this Court that this rule of construction commands that dischargeable taxes are not converted into non-dischargeable taxes by a State's "requiring" successive returns ("amended returns") addressing the same basic information, or by a State's labelling all "amendments" or "notifications" as "returns." Thus, for example if an initial return fully disclosed all income and all claimed deductions, it would seem that it should be said the § 523(a)(1)(B) return that was "required" was filed, even if it improperly claimed a particular deduction.

The State should not be permitted to avoid the duty to at least see what was claimed on the return by adopting a "requirement" that the Debtor file an amended return whenever a different taxing entity points out a defect such as a claim of a deduction that is not allowable.

The Bankruptcy Courts in *In re Jones,* 154 B.R. 816, (Bankr.M.D.Ga.1993) and *In re Haywood,* 62 B.R. 482 (Bankr.N.D.Ill. 1986) appear to have reached the conclusion that 11 U.S.C. § 523(a)(1)(B) should be interpreted as if it read "with respect to which not *every* return that the State required was filed" instead of "with respect to which *a* return, if required, was not filed."

 This Court believes that construing 11 U.S.C. § 523(a)(1)(B) liberally in favor of the Debtor requires simply reading the statute as written. Once a Debtor has filed "a return" for a tax which is "required" to be so reported, that provision has been met. (Returns that are fraudulent are dealt with by another provision— § 523(a)(1)(C).) Once a requirement has been satisfied, it does not become "un-"satisfied because some new requirement has been superadded.

Here the State asserts that an "undisputed fact" is that Mr. Dyer failed to disclose all his income (I take this to mean "gross income") on the return he filed. If it is true that he has never filed *any* return with the State of Georgia which reflects all of his 1986 gross income, then he cannot claim the benefit of a more liberal interpretation of § 523(a)(1)(B)(i).

 In sum, the Debtor has succeeded in convincing the Court that not every return that a State "requires" creates a new (or renewed) obligation for 11 U.S.C. § 523(a)(1)(B)(i) purposes. But the Debtor must show that he filed *some* return at *some* appropriate time, which disclosed *all* of his income, if the § 523(a)(1)(B)(i) defense to his Complaint is to be overcome.

### CONCLUSION

The Court cannot ascertain the basis of the State's assertion that the Debtor's understating of his gross income is an "undisputed fact." If it is, then the Debtor's tax liability to the State of Georgia is nondischargeable under § 523(a)(1)(B)(i) of the Bankruptcy Code and judgment should enter accordingly. If not, trial may be required.

---

**2.** An anomalous consequence of the State's argument is that the unpaid obligation to the IRS would be discharged if the deficiency is agreed to more than three years before bankruptcy, but even though the IRS always notifies the State of the deficiency promptly, the State liability would survive discharge. The entity that rests on the work done by others would prevail, while the diligent entity might fail.