In re Richard D. OLSON and
Jean Olson, Debtors.

Richard D. OLSON and Jean
Olson, Plaintiffs,

v.

UNITED STATES of America acting
Through the DEPARTMENT OF TREA-
SURY and the Internal Revenue Service
& the State of North Dakota acting
Through the North Dakota Tax Depart-
ment, Defendants.

Bankruptcy No. 93–30725.
Adv. No. 93–7063.

United States Bankruptcy Court,
D. North Dakota.

July 13, 1994.

James Coles, Bismarck, ND, for debtors/plaintiffs.

Donnita A. Wald, Bismarck, ND, for defendant State of N.D. Through N.D. Tax Dept.

Thomas V. Linguanti, Washington, DC, for defendant U.S. Through Dept. of Treasury and I.R.S.

## MEMORANDUM & ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matter before the court is a Motion for Partial Summary Judgment filed on June 17, 1994, by the defendant, State of North Dakota acting through the North Dakota Tax Department (State), arising from the Complaint filed by the plaintiffs, Richard D. Olson and Jean Olson on September 2, 1993, to determine the dischargeability of certain prepetition tax obligations. The State of North Dakota avers that the material facts and issues relative to a finding on nondischargeability under 11 U.S.C. § 523(a)(1)(B)(i) are clearly established and that it is entitled to a judgment as a matter of law. The State contends that the debtors' failure to file "amended" tax returns reflecting the changes in their federal taxable income for the 1978, 1979, 1981, 1983, 1984, and 1986 tax years

with the State of North Dakota was in derogation of the plain directive of § 57–38–38 of the North Dakota Century Code. Accordingly, the State argues that the tax obligations for the aforementioned years, together with penalties and interest, should be excepted from discharge. The debtors' position rests in part upon the view that the applicable statute does not mandate the filing of amended returns but, rather, specifies an alternative avenue for satisfying the requirement of reporting changes in taxable income. The debtors further argue that the State either waived the requirement of filing amended returns for the 1978, 1979, 1980 and 1981 tax years or should be equitably estopped from using the debtors' failure to actually amend their state returns for those years as a defense to dischargeability, since it actually represented to the plaintiffs in writing that no amended returns were required and they reasonably relied on that representation.

## FACTUAL BACKGROUND

The plaintiffs-debtors, Richard D. Olson and Jean Olson, duly filed North Dakota Income Tax Returns with the defendant-creditor, State of North Dakota acting through the North Dakota Tax Department, for the tax years 1978, 1979, 1981, 1983, 1984 and 1986.[1] The debtors paid those taxes owing at the time the returns were filed with the State.

The Internal Revenue Service (IRS) apparently audited the debtors' federal tax returns for each of the aforementioned years and made adjustments at various times to the debtors' federal income taxes to reflect deficiencies and understatement of taxable income. The results of the federal audit were sent periodically to the State Tax Commissioner who issued deficiency assessments for additional, unpaid state taxes upon becoming aware of the adjustments to the federal income taxes. Since the state tax returns are calculated based upon the adjusted gross or taxable income properly reportable

for federal income tax purposes, the reassessments in the instant case were based on the adjustments made by the IRS to the debtors' federal income taxes. Notices of the deficiency assessments were sent to the debtors.

The debtors retained a certified public accountant to assist them with their tax problems. In the course of his representation, the accountant sent a number of letters to the State regarding the filing requirements and tax liability of the debtors. A compliance officer of the individual tax section of the State sent the debtors a letter on January 22, 1993, indicating that if adjustments were made to the federal returns by the IRS, the debtors were required to file amended returns or the State would prepare assessments based upon the results of the federal audits. The accountant requested clarification and additional information. He specifically inquired as to whether the debtors were required to file amended returns. The State sent the debtors a letter on February 10, 1993, in direct response to the accountant's request. That letter provided in part:

A review of our files indicates that our office has received information from the Internal Revenue Service showing that your tax liability had been changed for 1977 through 1982. Based on this information additional North Dakota state tax was assessed for *1978, 1979, 1980 and 1981....* Our records indicate that you were notified of these changes and have been billed for the tax, penalty, and interest due. *No further action is required for these years except for payment of the assessed tax, penalty and interest.*

Further review of our records reveals that we have not received federal audit information for 1983, 1984 or 1986. It is not uncommon for the Internal Revenue Service to delay sending this information to us. If an audit was conducted by the Internal Revenue Service which resulted in an increase in your federal tax liability, we

---

1. The State appears to be confused about whether the "original" tax return for the **1983** tax year was filed with the State of North Dakota, indicating that it *"may* have" been filed. The debtors contend that the tax return for that year was

indeed filed and point out that the State's own exhibits contain a copy of the very return that it argues was not filed. *See* Exhibit R. The affidavits submitted by the State seem to be less than clear on this issue.

may receive this information in the future. Our files show that we have not received the amended returns from you for *1983, 1984, or 1986. If there has been a change in your federal tax liability for these years, you must file amended North Dakota state tax returns* within 90 days.

Exhibit A (emphasis added). The unmistakable import of the foregoing letter from the State is that the debtors were not *required* to file "amended" returns for the 1978, 1979, 1980 and 1981 tax years, but *may* be required to do so for the 1983, 1984 and 1986 tax years should adjustments have been made to their federal income tax liability. The debtors have not filed amended returns with the State.

The debtors contend that the tax obligations in question are dischargeable in their Chapter 7 case because the debt for state income taxes is more than three years old and they were not required to file amended returns. *See* 11 U.S.C. §§ 507(a)(7) & 523(a)(1). The State appears to essentially concede that the tax obligations for the years in question are otherwise dischargeable, but contends that the debtors' failure to file amended returns to reflect the federal adjustments to taxable income renders the obligations nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i).

### CONCLUSIONS OF LAW

Section 523(a)(1)(B)(i) of the United States Bankruptcy Code provides that:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

(B) with respect to which a return, *if required—*

(i) was not filed;

11 U.S.C. § 523(a)(1)(B)(i) (emphasis added). It is clear that the aforementioned provision excepts from discharge those debts which relate to a tax return that the debtor was required to file prepetition but was not actually filed before the case was commenced. "The policy behind this subsection is that a debtor should not be permitted to discharge a tax liability based upon a required tax

return that was never filed...." 3 *Norton Bankruptcy Law & Practice* § 47:6, at 47–12 (1994). *Accord* 3 *Collier on Bankruptcy* ¶ 523.06, at 523–28 (15th ed. 1994). A taxpayer's failure to file an "amended" state tax return to reflect federal adjustments which are final, *when required to do so* by state law or the governing authority, is clearly embraced by § 523(a)(1)(B)(i). *See, e.g., Jones v. State (In re Jones),* 158 B.R. 535, 537 (Bankr.N.D.Ga.1993); *Cohn v. State (In re Cohn),* 96 B.R. 827, 828 (Bankr.N.D.Ill.1988); *Haywood v. State (In re Haywood),* 62 B.R. 482, 485 (Bankr.N.D.Ill.1986). The fact that the taxing authority may have prepared and filed a *pro forma* or substitute tax return on behalf of the taxpayer does not relieve the debtor of the obligation to file an amended return *when required to do so* since it does not supplant the taxpayer's original obligation to file. *See Bergstrom v. United States (In re Bergstrom),* 949 F.2d 341, 343 (10th Cir.1991); *Moore v. Commissioner,* 722 F.2d 193, 196 (5th Cir.1984); *In re Jones,* 158 B.R. at 538; *Rench v. United States (In re Rench),* 129 B.R. 649, 651 (Bankr.D.Kan. 1991); *Pruitt v. United States (In re Pruitt),* 107 B.R. 764, 766 (Bankr.D.Wyo.1989); *Hofmann v. United States (In re Hofmann),* 76 B.R. 853, 854–55 (Bankr.S.D.Fla.1987). However, the phrase "if required" as contained in § 523(a)(1)(B) must be construed liberally in favor of the honest debtor and strictly against the taxing authority. *Dyer v. State of Georgia, Dept. of Revenue (In re Dyer),* 158 B.R. 904, 906 (Bankr.W.D.N.Y. 1993).

The parties to this proceeding disagree on whether the debtors were under a duty or were *required* to file amended returns and center their arguments, in part, on different interpretations of the relevant state statute. The applicable section of the North Dakota Century Code, which has since been amended, provided:

If the amount of taxable income for any year of any person as returned to the United States treasury department is changed or corrected by the commissioner of internal revenue or other office of the United States or other competent authority, or where a renegotiation of a contract

or subcontract within the United States results in a change in taxable income, *the person shall report the changed or corrected income,* or the results of renegotiation, within thirty days after the final determination of the change or correction or renegotiation, *by filing an amended state income tax return, or other information as required by the tax commissioner* and shall concede the accuracy of the determination or state wherein it is erroneous.

N.D.Cent.Code § 57–38–38(5)(a) (1983) (emphasis added). *See* N.D.Cent.Code § 57–38–34.4 (1993) (amending § 57–38–38(5)(a) (1983)).[2] The obvious purpose of § 57–38–38(5)(a), and the amended provision which followed, is to enable the State to become informed of changes in federal taxable income so that any necessary adjustments can be made in determining state tax liability and assessments. "Notification" is thus at the very heart of § 57–38–38(5)(a).

■ The pivotal issue in this case is indeed as the parties have framed it: Were the debtors in this case "required" by the above statute or by the State to file amended tax returns for the years in question? If the debtors were required to file amended state returns after the federal adjustments became final but failed to do so, the tax liabilities are nondischargeable under § 523(a)(1)(B)(i).

■ A plain reading of § 57–38–38(5)(a) of the North Dakota Century Code leads this court to conclude that the filing of an amended return was not the only manner in which the debtors could notify the State of changes in their taxable income. In this regard, this court is to some degree persuaded by the interpretation of the court in *Blackwell v. Commonwealth (In re Blackwell)*, 115 B.R. 86 (Bankr.W.D.Va.1990), which construed a substantially similar state statute. Section 57–38–38(5)(a) requires that taxpayers "shall report" IRS changes to the State by either filing an amended return or by providing "other information" "as required" by the

State to make an appropriate assessment of tax liability. The statute makes it relatively clear that *the State may alter the form of notification.* This interpretation of § 57–38–38(5)(a) is a common sense interpretation. If the State, as a matter of course, receives notice from the IRS of adjustments made to a taxpayer's federal taxable income, it thus becomes fully aware of federal changes and is able to readily make additional assessments of state taxes without the necessity of actually obtaining an amended return. In such cases, the receipt of an amended return may be of nominal value and serves virtually no real purpose. It therefore stands to reason that the State may expressly or impliedly waive the requirement of filing an amended return in certain cases. *See generally, Dyer v. State of Georgia, Dept. of Revenue (In re Dyer)*, 158 B.R. 904, 906 (Bankr.W.D.N.Y. 1993) (opining that "not every return that a State 'requires' creates a new (or renewed) obligation for 11 U.S.C. § 523(a)(1)(B)(i) purposes.").

■ In its letter to the debtors in the instant case, which was prompted in response to queries from the certified public accountant that was representing the debtors, the State clearly and unequivocally relieved the debtors of the obligation of filing amended returns for the *1978, 1979, 1980 and 1981* tax years. Accordingly, the State did not "require" the debtors to submit amended returns for those years within the meaning of § 523(a)(1)(B)(i), and the tax obligations for those years are dischargeable. Since the underlying tax liabilities are dischargeable, the interest and penalties attendant to such obligations in this case are dischargeable as well. *See Burns v. United States (In re Burns)*, 887 F.2d 1541, 1544 (11th Cir.1989); *Olson v. United States (In re Olson)*, 154 B.R. 276, 282–83 (Bankr.D.N.D.1993). Although the debtors did not file a formal cross-motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate de-

---

2. Section 57–38–34.4 provides in pertinent part: If a person's federal taxable income or federal income tax liability for any taxable year is changed or corrected by the United States internal revenue service, or other competent authority, *the person shall report the changes or* *corrections* within ninety days after the date of the final determination of them *by filing an amended income tax return or other information as required by the state tax commissioner.* N.D.Cent.Code § 57–38–34.4(1)(1993) (emphasis added).

spite the lack of a formal request where the facts as developed reveal that the party is entitled to a judgment as a matter of law. *Drewes v. Carter (In re Woods Farmers Co-op. Elevator Co.)*, 107 B.R. 689, 691 (Bankr. D.N.D.1989); *Roehrich v. Strasburg Farmers Union Elevator (In re Roehrich)*, 107 B.R. 675, 676 (Bankr.D.N.D.1989). There is no genuine issue of material fact in the instant case with respect to the aforementioned tax years and, accordingly, the debtors are entitled to discharge their tax obligations for those years.

 This court cannot, however, at this juncture readily agree with the *Blackwell* court's interpretation in its entirety. The bankruptcy court in *In re Blackwell, supra,* essentially ruled that the reporting requirement was satisfied since the state taxing authority received notice, as did the State in the case at bar, of changes in the debtors' federal taxable income from the IRS which enabled it independently make additional assessments. Such a view, standing alone, ignores the plain language of the governing state statute which requires the *taxpayer-debtor* to report changes in federal taxable income, *unless* otherwise relieved of this "required" duty by the State in some manner.

Although both parties devote a significant amount of ink to the legal issue of whether § 57–38–38(5)(a) of the North Dakota Century Code mandates the filing of amended income tax returns as the sole method of reporting changes in taxable income, they failed to develop the facts sufficiently enough to permit this court to conclude that the State did or did not "require" the debtors to submit amended returns for the 1983, 1984, or 1986 tax years. Moreover, there is a genuine issue of material fact in this case with respect to whether the debtors actually filed their original 1983 tax return.

In accordance with the above reasoning, **IT IS ORDERED** that the defendant's Motion for Partial Summary Judgment is in all things **DENIED,** and that Partial Summary Judgment be **GRANTED** in favor of the plaintiff-debtors, Richard D. Olson and Jean Olson, and against the defendant-creditor, State of North Dakota acting through the North Dakota Tax Department, with the state tax obligations together with attendant penalties and interest for the 1978, 1979, 1980 and 1981 tax years being amenable to discharge in bankruptcy.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**