**In re Danny L. THIES, Debtor.**

**Danny L. Thies, Plaintiff,**

**v.**

**Iowa Department of Revenue and Finance, Defendant.**

**Bankruptcy No. 99–01885–C. Adversary No. 00–9230–C.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 5, 2001.

Joseph A. Peiffer, Cedar Rapids, IA, for debtor.

## ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on October 5, 2001 on a Motion for Summary Judgment filed by Plaintiff/Debtor Danny L. Thies. Debtor was represented by Joseph Peiffer. Defendant Iowa Department of Revenue (the "Department") was represented by John Waters. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Debtor seeks a determination that certain taxes owed to the State of Iowa are discharged. Both parties have filed Motions for Summary Judgment and concede there are no genuine issues of material fact. The issue is whether Debtor failed to file required tax returns under 11 U.S.C. § 523(a)(1)(B)(i).

### FINDINGS OF FACT

The Department agrees Debtor's Motion for Summary Judgment should be considered although it was not filed within the time set out in the Scheduling Order. The Department has also filed a Motion for Summary Judgment which is now considered fully submitted. The Court will decide both motions in this ruling.

Debtor filed his Chapter 7 petition on July 16, 1999 and received his discharge on October 27, 1999. This adversary proceeding seeks a determination that unpaid taxes for tax years 1990, 1991, 1992, and 1993,

including penalties and interest, are discharged. The Department does not contest the dischargeability of 1992 and 1993 taxes. In addition, the Department concedes that all penalties have been discharged. In the event some taxes are excepted from discharge, Debtor requests the Department recalculate the nondischargeable portion of the tax after subtracting the dischargeable tax, interest and penalties.

The taxes at issue were assessed for tax years 1990 and 1991. According to the Department, tax and interest due for 1990 is $42,615.28. For 1991, Debtor failed to pay the amount shown on his return. The Department concedes that portion of the 1991 tax liability is discharged. It asserts, however, tax and interest of $19,952.55 due for a subsequent 1991 tax assessment is not discharged.

Debtor filed Iowa income tax returns for 1990 and 1991. Subsequently, the IRS conducted an audit which concluded Debtor had underreported 1990 income by $212,642 and 1991 income by $107,640. On January 15, 1995, the Department received copies of the federal income tax audit report from the IRS. Based on the IRS audit, the Department recomputed Debtor's tax liabilities and assessed additional taxes for the 1990 and 1991 tax years in March 1996. Debtor has not filed amended returns with the Department to report the additional income discovered in the IRS audit. The Department never specifically requested a supplemental return from Debtor.

The Department asserts the 1990 and 1991 tax liability arising from Debtor's understated income, including interest, is nondischargeable because Debtor's original tax returns failed to report all his income and Debtor did not file amended returns. It states that, even if these taxes are discharged, it retains a valid tax lien

securing all unpaid taxes for 1990, 1991, 1992 and 1993 in the total amount of $201,873.23.

The Department filed Notices of Tax Liens with the Linn County Recorder on February 3, 1997 which cover all of Debtor's tax liabilities for 1990, 1991, 1992 and 1993. Debtor points out that he owns no real estate and the Department has previously released its lien on Debtor's car. Thus, Debtor questions the effectiveness of the Department's tax liens. The Department requests the court determine the impact of Debtor's discharge on the Iowa tax liens securing the tax liabilities for 1990 through 1993.

## CONCLUSIONS OF LAW

Certain taxes are excepted from discharge pursuant to § 523(a)(1). The relevant provision states, in pertinent part: "A discharge under section 727 ... does not discharge an individual debtor from any debt ... for a tax ... with respect to which a return, if required[,] was not filed." 11 U.S.C. § 523(a)(1)(B)(i). Individual Iowa residents with sufficient net income are required to "make a return, signed in accordance with forms and rules prescribed." Iowa Code § 422.13. Debtor is an individual Iowa resident with sufficient net income under this statute.

 This Court first focuses on Debtor's failure to include all of his income in his 1990 and 1991 tax returns. Debtor filed required Iowa tax returns for the 1990 and 1991 tax years. He failed, however, to report a substantial portion of his taxable income. By such inaction, a debtor forfeits the right to discharge the related tax liability in bankruptcy. *In re Walsh*, 260 B.R. 142, 151 (Bankr.D.Minn. 2001). The debtor must file some return at some time which discloses all taxable income in order to overcome

§ 523(a)(1)(B)(i). *In re Dyer*, 158 B.R. 904, 906 (Bankr.W.D.N.Y.1993). Courts have noted that "[m]erely because the State caught up to the taxpayer through its diligence does not free that person from the consequences of § 523(a)(1)(B)(i)." *In re Blutter*, 177 B.R. 209, 211 (Bankr. S.D.N.Y.1995); *see also In re Kempf*, Adv. No. 86–0154, slip op. at 10 (Bankr. S.D.Iowa Sept. 23, 1988) (concluding taxes are nondischargeable because debtor's filed returns failed to report self-employment income). Thus, the tax arising from Debtor's unreported income from 1990 and 1991 is a tax with respect to which a return was required but was not filed.

Debtor argues that the Department was aware of all pertinent facts relating to his additional, unreported income for 1990 and 1991 without the need for filed returns. The IRS reported the results of the IRS audit for those tax years to the Department and the Department was able to assess taxes based on that information. The Department counters that Debtor was required to file an amended return in the circumstances and the IRS report does not constitute a return, which must be filed by Debtor himself.

Iowa Code § 422.22 states, in pertinent part,:

If the director shall be of the opinion that any taxpayer required under this division to file a return has failed to file such a return or to include in a return filed, either intentionally or through error, items of taxable income, the director may require from such taxpayer a return or supplementary return in such form as the director shall prescribe, of all the items of income which the taxpayer received during the year for which the return is made, whether or not taxable under the provisions of this division.

Also relevant is Iowa Administrative Code § 701–39.3(4). At the time the Department received notice of the IRS audit of Debtor's 1990 and 1991 income, this section stated as follows:

Amended returns. If it becomes known to the taxpayer that the amount of income reported to be federal net income or Iowa taxable income was erroneously stated on the Iowa return, or changed by an Internal Revenue audit, or otherwise, the taxpayer shall file an amended Iowa return along with supporting schedules, to include the amended federal return if applicable. A copy of the federal revenue agent's report will be acceptable in lieu of an amended return.

Iowa Admin. Code § 701–39.3(4).[1]

This Court considered these provisions in *In re Dangler*, Adv. No. 94–5139XS, slip op. at 23–26 (Bankr.N.D.Iowa October 2, 1995) (Edmonds, J.). In that case, the Department assessed taxes after it learned of embezzlement from a newspaper article. *Id.* at 5. The Court found that § 701–39.3(4) of the Iowa Administrative Code requires a taxpayer to amend a return after learning income was erroneously reported. *Id.* at 23; *contra In re Duncan*, Adv. No. 92–92020, slip op at 8 (Bankr. S.D.Iowa August 5, 1992) (finding Iowa law does not require amended returns, relying on counsel's professional statement and without mention of Iowa Admin. Code § 701–39.3(4)). An assessment or substitute return filed by the Department does not fulfill the taxpayer's obligation to file a required amended return. *Dangler*, slip op. at 25. The Court noted the policy

---

**1.** New language was subsequently added to this provision. The last sentence cited above was changed to: "A copy of the federal revenue agent's report *and notification of final federal adjustments provided by the taxpayer will be acceptable* in lieu of an amended return." Iowa Admin. Code § 701–39.3(4) (text added by amendment underlined).

underlying § 523(a)(1)(B) is to encourage voluntary self-reporting of income by taxpayers. *Id.* In *Dangler*, the debtors filed amended returns reporting the embezzled income and thus the Court concluded the tax debt was discharged. *Id.* at 26.

Courts have noted that a taxpayer's obligation to file a return is not satisfied by a State's knowledge from an IRS report of reassessment of taxes. *Blutter*, 177 B.R. at 211. Similarly, a substitute return or tax assessment prepared by a taxing entity after learning of a change in the taxpayer's net income does not satisfy the taxpayer's duty to file a return. *In re Olson*, 174 B.R. 543, 546 (Bankr.D.N.D.1994); *In re Jones*, 158 B.R. 535, 538 (Bankr.N.D.Ga. 1993). This Court has stated, in the context of a federal tax dischargeability issue, that a document is a return only if it purports to be a return, is signed and sworn to as such by the taxpayer and evinces an honest and genuine attempt to satisfy the law. *In re Pierce*, 184 B.R. 338, 342 (Bankr.N.D.Iowa 1995).

Courts disagree about whether filing a subsequent amended return, required by some states, can relieve a debtor from § 523(a)(1)(B)(i) nondischargeability. Most courts considering the issue have examined the requirements of state law to determine whether a debtor has failed to file a required return after an IRS audit. *Compare In re Jackson*, 184 F.3d 1046, 1052 (9th Cir.1999) (concluding California statute does not "require" filing of a "return", but rather a "report"), *withIn re Giacci*, 213 B.R. 517, 520 (Bankr.S.D.Ohio 1997) (finding debtor was required to file amended state return under Ohio law to reflect federal adjustment after IRS audit). Some courts have determined that once a taxing authority makes an involuntary assessment, additional amended returns serve no purpose and cannot cure a debtor's failure to initially and voluntarily

file a complete return. *See, e.g., In re Walsh*, 260 B.R. 142, 151 (Bankr.D.Minn. 2001). This Court need not make a determination regarding whether filing an amended return following an IRS audit would absolve Debtor from the consequences of § 523(a)(1)(B)(i). This issue is not before the Court since Debtor did not file an amended return to disclose the underreported income for 1990 and 1991, just as he failed to include this income in the initial returns he filed for these tax years.

The Court concludes the tax debt arising from Debtor's unreported income from 1990 and 1991 is excepted from discharge pursuant to § 523(a)(1)(B)(i). This is a tax debt with respect to which a return was required but was not filed. Debtor's initial returns did not disclose this income. Debtor did not file amended returns pursuant to Iowa Admin. Code § 701–39.3(4) to report this previously undisclosed income. Debtor never self-reported this income on any return. The related tax is nondischargeable.

The Department states Debtor's nondischargeable 1990 tax liability is $42,615.28 and the 1991 tax liability is $19,952.55, including interest through September 24, 2001. As Debtor has requested the Department recompute the amounts due, an issue of fact precludes a final determination at this time of the total amount of tax debt which is nondischargeable under § 523(a)(1)(B)(i). The Court will also postpone any consideration of the effect of the Department's liens until that issue is more fully formulated and the amount of the nondischargeable tax is determined.

**WHEREFORE,** Debtor's Motion for Summary Judgment is DENIED.

**FURTHER,** the Motion for Summary Judgment filed by the Iowa Department of Revenue and Finance is GRANTED.

FURTHER, tax debt, including interest, from income Debtor failed to report for the 1990 and 1991 tax years is excepted from discharge under 11 U.S.C. § 523(a)(1)(B)(i).

FURTHER, all other tax debt, including interest, for tax years 1990 through 1993 and all penalties are discharged as conceded by the Department.

FURTHER, the total amount of nondischargeable tax and interest and the effect of the Department's liens remain to be determined.

SO ORDERED this 5th day of November, 2001.